MEDICAL RESEARCH COMMISSION — RESIGNATION
That portion of 63 O.S. 47.1 [63-47.1] (1971) which designates as two of the five members of the Medical Research Commission the Executive Vice President-Director of Research of the Oklahoma Medical Research Foundation and the Vice President-Director of Administration of the Oklahoma Medical Research Foundation is constitutionally infirm as a special law prohibited by the Oklahoma Constitution. Because of this infirmity, the officers of the Medical Research Foundation can resign from their membership on the Medical Research Commission even though the statutes do not expressly provide for such resignation. The Attorney General has received your request for an opinion wherein you, in effect, ask the following question: May the Executive Vice President-Director of Research and the Vice President-Director of Administration of the Oklahoma Medical Research Foundation resign from membership on the Medical Research Commission? Title 63 O.S. 47.1 [63-47.1] (1971) creates the Medical Research Commission and delineates the membership of said Commission. This section reads as follows: "There is hereby created the Medical Research Commission to be composed of the Vice President for Medical Affairs at the University of Oklahoma, or his designate, who shall receive his appointment in writing, as Chairman; the Executive Vice President-Director of Research of the Oklahoma Medical Research Foundation; the Vice President-Director of Administration of the Oklahoma Medical Research Foundation; the Director of Mental Health, and the Commissioner of Public Health as members to serve without pay other than necessary and actual expenses." A plain reading of this section reveals that the Executive Vice President-Director of Research of the Oklahoma Medical Research Foundation and the Vice President-Director of Administration of the Oklahoma Medical Research Foundation are specifically designated to be members of the Medical Research Commission by virtue of the offices they hold with the Oklahoma Medical Research Foundation. In this regard they are akin to the remaining three members of the Commission who, as state officers with primary duties in other capacities, are designated as members of the Commission by virtue of their official positions. The distinguishing feature between the officers of the Medical Research Foundation and the other members of the Commission is that the Oklahoma Medical Research Foundation is a private non-profit corporation, not an agency or department of the State such as the University of Oklahoma, the Department of Mental Health, and the Oklahoma State Health Department. The issue, thus, is reduced to the question of whether or not the sovereign State of Oklahoma can by statute designate specific persons, by virtue of the position they hold in private corporations, to be officers of the State. We hold that it cannot. Such a designation falls afoul of the constitutional prohibition against the Oklahoma Legislature's enactment of special laws. The designation of certain officers of the Oklahoma Medical Research Foundation as members of a State Commission is not unlike those local and special laws specifically prohibited by Article V, Section 46 of the Oklahoma Constitution, albeit the precise instant factual situation does not directly comport with any of the enumerated subjects. Going further, however, note must be taken of Article V, Section 59 of the Oklahoma Constitution, which reads as follows: "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable no special law shall be enacted." That we are here dealing with a special law cannot be denied. In this regard see Guthrie Daily Leader v. Cameron, 41 P. 635, wherein the Court in striking down a statute providing that all printing to be paid for out of the territorial treasury should be done and furnished by the State Capitol Printing Company of Guthrie, Oklahoma, a private corporation, utilized the following language in syllabi 5, 6, and 7 by the Court: "5. A statute relating to persons or things as a class is a general law. One relating to particular persons or things of a class is special. The number of persons upon whom the law shall have any direct affect may be very few, by reason of the subject to which it relates, but it must operate equally and uniformly upon all brought within the relations and circumstances for which it provides. "6. A statute, in order to avoid a conflict with the prohibition against special legislation, must be general in its application to a class, and all of the class within like circumstances must come within its operations. If it is limited in its application to one person or thing, and is enacted for one purpose and for one person, it then becomes special in its subject matter and operation, and is void. "7. Section 25 of the appropriation act of 1895 is a special act conferring a special privilege upon the State Capitol Printing Company, and is void for a conflict with the congressional inhibition. . . " It is apparent that the specific delegation of a duty as well as that of a privilege can run afoul of the constitutional inhibition against special legislation. Even were it to be determined that the designation of these specific officers of the Medical Research Foundation as members of the Medical Research Commission is a necessary act benefiting the State, and constitutes one of those rare exceptions where a special law is required and no general law can be made applicable, and thus not unconstitutional under Article V, Section 59, it still must fall. This is because the procedures set out in Article V, Section 32
of the Oklahoma Constitution were not followed as regards the enactment of 63 O.S. 47.1 [63-47.1] (1971). Article V, Section 32, reads as follows: "No special or local law shall be considered by the Legislature until notice of the intended introduction of such bill or bills shall first have been published for four consecutive weeks in some weekly newspaper published or of general circulation in the city or county affected by such law, stating in substance the contents thereof, and verified proof of such publication filed with the Secretary of State." The procedures set forth in this section were not followed as regards Section 47.1, and thus, that portion of the section denominating the officers of the Medical Research Foundation as members of the Medical Research Commission is likewise constitutionally infirm on this basis. It is, therefore, the opinion of the Attorney General that your question be answered as follows: That portion of 63 O.S. 47.1 [63-47.1] (1971) which designates as two of the five members of the Medical Research Commission the Executive Vice President-Director of Research of the Oklahoma Medical Research Foundation and the Vice President Director of Administration of the Oklahoma Medical Research Foundation is constitutionally infirm as a special law prohibited by the Oklahoma Constitution. Because of this infirmity, the officers of the Medical Research Foundation can resign from their membership on the Medical Research Commission even though the statutes do not expressly provide for such resignation. (James R. Barnett)